Dear Mr. Cassidy:
We are in receipt of your request for an Attorney General's opinion regarding the 1998 Jefferson Davis Parish School Board election. You have presented the following facts for our review and opinion:
 A resolution was adopted by the Jefferson Davis Parish School Board in 1915, creating `special school District no. Twenty-two (22)'. This district is still in existence today, wherein the vast majority of the district is located in Jefferson Davis Parish, but a small portion of the district is located in Allen Parish. The children residing in that portion of Allen Parish continue to attend schools in that school district, which is primarily in Elton. No voters in Allen Parish vote for the school board member representing that district. Moreover, that school district has a particular tax millage that is only assessed to Jefferson Davis Parish residents. A resident of Allen Parish has contacted the District Attorney's office, expressing interest in running for the school board seat for that district. Under LRS 17:52 (E) he may qualify as a resident of that district. In order to determine whether or not he is qualified to run for this school board seat, I am requesting an attorney general opinion on this matter.
Specifically, you seek an opinion on the following question:
 If a voter/resident lives outside of Jefferson Davis Parish, but is included in a Jefferson Davis Parish School Board District is he qualified to be elected as a school board member in Jefferson Davis Parish?
In order to understand and opine on this matter, our office independently researched this matter and have concluded that the following facts are relevant herein:
(1) Special School District No. 22 is not part of the reapportionment plans of either Jefferson Davis Parish School Board, nor Allen Parish School Board.
(2) Special School District No. 22 is a property taxing district for school bond issues, wherein the residents residing therein in both Allen Parish and Jefferson Davis Parish pay the tax levied by the Jefferson Davis Parish School Board, and the tax is remitted to the Jefferson Davis Parish School Board.
(3) The Jefferson Davis Parish School Board's most recent reapportionment plan contains Districts 1-13. District No. 9 contains that portion of Jefferson Davis Parish property which lies within special school district no. 22.
(4) The Allen Parish School Board's most recent reapportionment plan contains Districts 1-7. District No. 5 contains that portion of Allen Parish property which lies within special school district no. 22.
With regard to the qualifications of office for the Jefferson Davis Parish School Board, LSA-R.S. 17:52 provides, in pertinent part:
 A. There shall be elected by the qualified voters of each parish police jury ward, or the equivalent thereof, of each parish of the state a member of the school board of the parish for each policy juror in said ward, or the members of a parish school board shall be elected by the qualified voters in accordance with the school board reapportionment plan then in effect as authorized by law, or the members of a parish school board shall be elected in accordance with any special law applicable to the board, as the case may be . . .
 B * * *
 C. Members of the parish school boards shall be elected in accordance with the provisions of the Louisiana Election Code.
 D. Each member of a parish school board, in addition to the qualifications otherwise prescribed by law, shall be able to read and write.
 E. (1) Any person who at the time of qualification as a candidate for the school board has attained the age of eighteen, resided in the state for the preceding two years, and has been actually domiciled for the preceding year in the parish, ward, or district from which he seeks election is eligible for membership on the school board . . .
 * * * (Emphasis added.)
According to the facts you presented, the interested person is a resident of Allen Parish. According to the Parish Engineer at the Allen Parish Police Jury, the interested person resides in Allen Parish School Board District No. 5, and he is taxed for the special school district no. 22, as he also resides in that portion of Allen Parish which is part of special school district no. 22.
It is our opinion that domicile in the district from which heseeks election, as required by R.S. 17:52 (E), is the school board election district. Therefore, it is our opinion that a person who seeks election for the office of Jefferson Davis Parish School Board District No. 9 is required by law to have been actually domiciled for the preceding year in the parish of Jefferson Davis, school board district no. 9. Likewise, a person who seeks election for the office of Allen Parish School Board District No. 5 is required by law to have been actually domiciled for the preceding year in the parish of Allen, school board district no. 5.
In conclusion, we are of the opinion that since special school district no. 22 is a taxing district for school bond issues, but does not make up an election district under the Jefferson Davis Parish School Board's reapportionment plan, that a person who resides within the district in Allen Parish is not qualified to run for the office of Jefferson Davis Parish School Board, District No. 9. Nevertheless, we are not unmindful of the fact that a person may qualify for an office in accordance with the Louisiana Election Code [R.S. 18: 461], and it is the responsibility of the registered voters in the State of Louisiana to bring an action objecting to the candidacy of a person on the grounds that he does not meet the qualifications for the office he seeks [R.S. 18:491-492], with the ultimate resolution by a court of competent jurisdiction.
We hope this opinion addresses all of your concerns. If we can be of further assistance, please advise.
Respectfully submitted,
 RICHARD P. IEYOUB ATTORNEY GENERAL
By: __________________________ ANGIE ROGERS LAPLACE Assistant Attorney General RPI:ARL:glb